RENDERED:  JANUARY 8, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1664-MR

JAMES HARRISON                                                    APPELLANT

v.

APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE PHILIP J. SHEPHERD, JUDGE
ACTION NO. 19-CI-00796

CATHERINE WEICHT; DeEDRA
HART; SARAH ELLEN EADS ADKINS;
AMY BARKER; LILA EDMONSON;
JOHN and JANE DOE(S)                                             APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, MAZE, AND MCNEILL, JUDGES.

MAZE, JUDGE:  James Harrison appeals the dismissal of his petition for

declaration of rights as time-barred.  Having reviewed appellant's arguments for

reversal in light of the record, we affirm.

Appellant filed an open records request with the Kentucky State Penitentiary (KSP) seeking to inspect intake medical records revealing the names of the persons "who conducted the intake records." The custodian of the records, appellee Lila Edmonson, denied the request due to appellant's failure to use the specific form for requesting medical records, stating:

> When submitting a medical record request it is a requirement that the Request to View/Obtain Health Information form be utilized, signed and dated by a CTO/UA and INMATE. Since the form was not utilized, signed and dated by a CTO[1]/UA your request has been denied.
>
> Please resubmit your request on a new Request to View/Obtain Health Information form with the proper signatures.

Rather than resubmit his request on the proper form, appellant appealed Edmonson's decision to the Office of the Attorney General as provided for in KRS[2] 61.880(2).

Thereafter, appellee Sarah Adkins, acting on behalf of the Attorney General, issued a written decision concluding that KSP did not violate the Open Records Act "in denying Appellant's requests based upon his failure to obtain the correct form from his caseworker, and his failure to use that form to request

---

[1] The record discloses that a "CTO" is also known as a caseworker.

[2] Kentucky Revised Statutes.

medical records." Appellant then filed in Franklin Circuit Court the complaint at issue in this appeal.

In his complaint, appellant asserted that Adkins, along with officials of KSP and the Department of Corrections, violated the intent of the Open Records Act, as well as KRS 13A.120, KRS 13A.130, KRS 522.020, and other unspecified laws. Appellee Adkins moved to dismiss the complaint on the basis of sovereign and qualified immunity. Appellees DeEdra Hart and Lila Edmonson subsequently filed separate motions to dismiss alleging that the complaint was time-barred and that they were not proper parties to an open records appeal. The Franklin Circuit Court thereafter entered an order dismissing the complaint as time-barred under KRS 61.880(5)(a) and stating that the decision of the Attorney General now has the force of law. The order also stated that Warden DeEdra Hart was neither properly served nor a proper party to the appeal. This appeal follows the denial of appellant's motion to reconsider that order.

We commence our discussion with a review of the dictates of KRS 61.880(5)(a) and (b):

> (a) A party shall have thirty (30) days from the day that the Attorney General renders his decision to appeal the decision. An appeal within the thirty (30) day time limit shall be treated as if it were an action brought under KRS 61.882.
>
> (b) **If an appeal is not filed within the thirty (30) day time limit, the Attorney General's decision shall have**

**the force and effect of law and shall be enforceable in the Circuit Court** of the county where the public agency has its principal place of business or the Circuit Court of the county where the public record is maintained.

(Emphasis added.) In *City of Fort Thomas v. Cincinnati Enquirer*, the Supreme Court of Kentucky had occasion to address the proper interpretation of that statute:

> To begin, it is helpful to observe that when an agency denies an ORA request, the requester has two ways to challenge the denial. He or she may, under KRS 61.882, file an original action in the Circuit Court seeking injunctive and/or other appropriate relief. Alternatively, under KRS 61.880, he or she may, as was done in this case, ask the Attorney General to review the matter. Once the Attorney General renders a decision either party then has thirty days within which to bring an action pursuant to KRS 61.882(3) in the Circuit Court. **Although the statutes refer to this second type of Circuit Court proceeding as an "appeal" of the Attorney General's decision, it is an "appeal" only in the sense that if a Circuit Court action is not filed within the thirty-day limitations period, the Attorney General's decision becomes binding on the parties and enforceable in court.**

406 S.W.3d 842, 848 (Ky. 2013) (emphasis added). Thus, although timeliness was not directly in question in that case, the Supreme Court nevertheless acknowledged that if a circuit court action is not filed within the thirty-day limitations period, the decision of the Attorney General "becomes binding on the parties and enforceable in court." *Id.*

This brings us to the arguments appellant presses in this appeal. Although he argues that the circuit court erred in dismissing his complaint,

appellant does not address the timeliness of his circuit court action. Rather, he attempts to predicate error in the dismissal of the complaint on issues he advanced in a document filed two days after entry of the order dismissing the complaint as untimely. That document, as typed, was styled "REPLY TO DEFENDANTS ADKINS, HART AND EDMONSON MOTIONS TO DISMISS." Above the typed style were the handwritten words "Amendment to Complaint and. . . ." Appended to the reply was a "Health Services Staff Contact Form" dated August 22, 2019, requesting "one free copy of my medical records" and stating:

> WellPath is a healthcare provider corporation contract entity and KRS 422.317 mandates providing one free copy to the patient upon request which I hereby [in] this instrument being requested.[sic]

The form also contained a section for a "Staff Response" which had been completed as follows:

> Mr. Harrison – I am attaching to this correspondence the proper form that must be [filled] out for any and all medical records requests for the Department of Corrections. Please fill the attached request to view/obtain Health Information out and return it to medical. Thank you.

The appropriate Department of Corrections' form was in fact attached to the staff response. Again, rather than filing the appropriate form, appellant submitted yet another health services staff contact form indicating that his previous request had been misconstrued, stating that he was "not requesting any records from the

Department of Corrections therefore the records Act is inapplicable." Instead, appellant stated that he was "requesting records generated by WellPath Health Care Provider(s) pursuant to KRS 422.317." In his petition for reconsideration of the dismissal of his complaint, appellant asserted that the purported amendment to his complaint was intended to clarify that he was not asserting an open records claim, but rather a claim under KRS 446.070:

> As presented in Plaintiff's verified amendment (sic)
> complaint the action no longer contained a viable issue of
> controversy under the authority of KRS 61.880-61.884
> and pertained to the sole authority of KRS 446.070 as the
> violations of state law by Defendants has resulted in the
> harm sustained by Plaintiff.

Appellant then reasoned that the statute of limitations was irrelevant to the issues he pressed in his amended complaint. This contention, and the arguments related to it in this appeal, are flawed for several reasons.

The first, and most obvious of these reasons, is that CR[3] 15.01 confines amendments as a matter of course to the period before a responsive pleading has been filed. After that point, a complaint may be amended only with leave of court or the written consent of the adverse party or parties. Because neither of those alternatives applies in this case, the circuit court did not abuse its discretion in denying appellant's apparent attempt to avoid the application of the

---

[3] Kentucky Rules of Civil Procedure.

statute of limitations and dismissing the complaint as time-barred and in denying his motion to reconsider that order.

A second reason appellant's purported amendment to his complaint proves unavailing is the fact that this case is, and always has been, founded in an alleged denial of appellant's open records request. Appellant's circuit court complaint is styled "Open Records Complaint" and the injury alleged in that complaint appears to be directed at the failure of KSP to provide the medical records he requested.

What this Court finds most perplexing about this appeal, however, is the fact that noticeably absent from this record is evidence that appellant suffered any injury. There has never been a denial of his records request on the merits – appellant was simply instructed to utilize the requisite form in making his request. Appellant does not argue that his caseworker failed or refused to provide the form after he had requested one. Rather, appellant himself appended the appropriate form to a pleading filed in the circuit court. Importantly, we find no procedural impediment to appellant's ability to lodge a medical records request on the appropriate form at any time. Thus, until such time as appellant makes a proper request for his records and that request is substantively denied, he has suffered no injury which a court can redress.

In sum, there appears to be no real dispute that appellant failed to file his complaint within the statutorily prescribed timeframe, and therefore, the circuit court did not err in dismissing it. Because resolution of the limitations issue is dispositive of this appeal, we need not address appellant's other arguments for reversal.

Accordingly, the order of the Franklin Circuit Court dismissing appellant's complaint as time-barred is in all respects affirmed.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEFS FOR APPELLEES: |
|---|---|
| James Harrison, *Pro Se* Eddyville, Kentucky | Julie C. Foster Frankfort, Kentucky |
| | Matthew F. Kuhn Heather L. Becker Frankfort, Kentucky |
| | William E. Sharp Charles M. Rutledge Louisville, Kentucky |